IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ALLSTATE FINANCIAL SERVICES, LLC, and AMERICAN HERITAGE LIFE INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>TONY PEH, MARILYN REID, TRI STATE DEVELOPMENT, LLC,  G. KEITH GREGORY, BERNARD EADIE, and MICHAEL STEINKE,<br><br>Defendants. | Case No. 3:17-cv-129 |

## INTERPLEADER COMPLAINT

Plaintiffs Allstate Insurance Company ("Allstate Insurance"), Allstate Financial Services, LLC ("AFS"), and American Heritage Life Insurance Company ("AHL") (collectively, "Plaintiffs") allege as follows for their Interpleader Complaint against Defendants Tony Peh ("Peh"), Marilyn Reid ("Reid"), Tri State Development, LLC ("Tri State"),  G. Keith Gregory ("Gregory"), Bernard Eadie ("Eadie"), and Michael Steinke ("Steinke") (collectively, "Defendants"):

### NATURE OF THE ACTION

1. This action arises from six competing claims of entitlement to commissions and other monies earned or to be earned by Peh and/or Tri State. The commissions are paid by Plaintiffs.

2. Tri State is an Exclusive Agent of Allstate Insurance and operates under an Exclusive Agency Agreement with Allstate Insurance. Allstate Insurance pays commissions to Tri State that result from the sale of Allstate Insurance products and services. Peh is the

37885549v.1

designated "Key Person" under three Exclusive Agency Agreements between Allstate Insurance and Tri State. In this capacity, Peh operates and controls Tri State. Based upon information and belief, Peh also receives all or a portion of the commissions Allstate Insurance pays Tri State.

3. Peh also receives commissions from AFS and AHL that result from the sale of AFS and/or AHL products and services.

4. Reid obtained a judgment against Peh in 2013 resulting from a legal dispute between Peh and Reid. Based upon information and belief, all or a large portion of the judgment remains unsatisfied.

5. On or about May 16, 2013, Tri State assigned its interest, and granted a secured interest, in a portion of its future monthly commissions from Allstate Insurance to Eadie in order to secure a loan.

6. On or about May 17, 2013, Tri State assigned its interest in a portion of its future monthly commissions from Allstate Insurance to Gregory in order to secure a loan.

7. In addition, if Tri State's Exclusive Agency Agreement with Allstate Insurance is terminated, Peh and/or Tri State has 90 days to sell Tri State's economic interest in the Allstate Insurance Book of Business that is serviced by Peh and Tri State ("Book of Business"). If Peh and/or Tri State does not sell the Book of Business within 90 days of termination, then Peh will receive a Termination Payment ("TPP") from Allstate Insurance.

8. On or about May 16, 2013, Peh assigned his right to TPP to Eadie. Peh also granted Eadie a secured interest in the TPP.

9. On or about May 17, 2013, Peh assigned his right to TPP to Gregory. Peh also granted Gregory a secured interest in the TPP.

37885549v.1

10. On or about September 18, 2015, Peh assigned to Steinke his right to TPP. Peh also granted a secured interest in the TPP to Steinke.

11. While Peh and/or Tri State claims a right to receive commissions earned and to be earned from Plaintiffs, the commissions are also subject to the following claims of right: (1) Reid claims a right to these commissions pursuant to her outstanding judgment against Peh; and (2) Eadie, Gregory, and Steinke claim a right to these commissions pursuant to the assignments they received from Peh.

12. Given the number of competing claims arising from the same obligation—Plaintiffs' payment of commissions to Peh and/or Tri State—Plaintiffs seek to Interplead these funds into this Court so that a judicial determination can be made as to who should receive the commissions.

**PARTIES**

13. Allstate Insurance Company ("Allstate Insurance") is an Illinois corporation with its principal place of business located in Northbrook, Illinois.

14. Allstate Financial Services, LLC ("AFS") is an Illinois limited liability company with its principal place of business in Northbrook, Illinois. AFS is a wholly-owned subsidiary of Allstate Insurance.

15. American Heritage Life Insurance Company ("AHL") is a Florida corporation with its principal place of business located in Jacksonville, Florida. AHL is a wholly-owned indirect subsidiary of The Allstate Corporation. The Allstate Corporation is the parent holding company of Allstate Insurance.

16. Tony Peh ("Peh") is, upon information and belief, a resident of the State of Ohio.

17. Marilyn Reid ("Reid") is, upon information and belief, a resident of the State of Ohio.

18. Defendant G. Keith Gregory ("Gregory") is, upon information and belief, a resident of the State of Ohio.

19. Defendant Bernard Eadie ("Eadie") is, upon information and belief, a resident of the State of Ohio.

20. Defendant Michael Steinke ("Steinke") is, upon information and belief, a resident of the State of Ohio.

21. Tri State Development, LLC is a limited liability company organized under the laws of the State of Ohio with its principal place of business in Kettering, Ohio.

## JURISDICTION AND VENUE

22. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because this action and controversy is between citizens of different states and exceeds the sum or value of $75,000.00, exclusive of interest and costs.

23. This Court has personal jurisdiction over all Defendants because Peh, Reid, Gregory, Eadie, and Steinke are all citizens and residents of Ohio. Furthermore, Tri State is a registered LLC in the state of Ohio, and conducts business within Ohio. Venue is proper in the United States District Court for the Southern District of Ohio, pursuant to 28 U.S.C. § 1391(b), because all Defendants reside within Ohio and, based upon information and belief, reside in this District. Furthermore, a substantial part of the events giving rise to this Interpleader Complaint occurred in this District.

37885549v.1

**FACTUAL ALLEGATIONS**

**I.    Peh's Relationship With Plaintiffs and Right to Commission Payments**

24.    On October 1, 2009, March 1, 2012 and September 1, 2013, Tri State entered into an Allstate R3001C Exclusive Agency Agreements ("Exclusive Agency Agreements") with Allstate Insurance. (A copy of the Exclusive Agency Agreements between Tri State and Allstate Insurance are attached as Exhibit A.)

25.    Peh is a "Key Person" under the three Exclusive Agency Agreements between Allstate Insurance and Tri State.

26.    In 2009, Peh owned 100 percent of Tri State. Upon information and belief, Peh still maintains a 100 percent ownership interest in Tri State and, as such, receives all commissions, monies and compensation paid to Tri State by Allstate Insurance.

27.    As a "Key Person" for Tri State, Peh sells insurance products and services to Allstate Insurance customers. The commissions earned from these sales are paid to Tri State. Based upon information and belief, Tri State then pays Peh all or a portion of the commissions received from Allstate Insurance.

28.    Also based upon information and belief, Tri State pays monies and/or compensation to Peh based upon the sale of Allstate Insurance products and services by other Tri State employees who are authorized to sell Allstate Insurance products and services.

29.    In addition, Peh receives securities commissions from AFS for products and services Peh sells on behalf of AFS.

30.    Lastly, Peh receives commissions from AHL for products and services he sells on behalf of AHL.

31. Based upon information and belief, Peh has a claim of right to the commissions Allstate Insurance pays to Tri State, as well as a claim of right to the commissions he receives from AFS and AHL.

32. Peh further denies that Reid is entitled to any of the commissions Allstate Insurance pays to Tri State.

## II.  Tri State's Claim of Right to Commission Payments.

33. On October 1, 2009, Tri State entered into three Exclusive Agency Agreements with Allstate Insurance. (*See* Exhibit A.)

34. Under the Exclusive Agency Agreements, Allstate Insurance pays commissions to Tri State that result from the sale of Allstate Insurance products and services. (*Id.*)

35. Tri State claims that the commissions Allstate Insurance pays Tri State are the exclusive property of Tri State.

36. Hence, Tri State asserts a claim of right to receive the commission payments Allstate Insurance pays Tri State under the Exclusive Agency Agreements.

37. Tri State further denies that Reid is entitled to any of the commissions Allstate Insurance pays Tri State.

## III.  Reid's Claim of Right to Commission Payments.

38. Upon information and belief, Reid initiated a lawsuit in the Greene County, Ohio Court of Common Pleas against Peh in July 2009. A judgment from the lawsuit was entered against Peh on October 28, 2013 in the amount of $401,376.52, plus interest and costs.

39. Since the judgment date of October 28, 2013, and based upon information and belief, Reid has attempted to collect the judgment from Peh.

40. Upon information and belief, to date Reid has collected approximately $11,750 of the $401,375.62 judgment against Peh. The remaining balance of the judgment remains unpaid.

41. On April 14, 2016, Reid commenced a Creditor's Bill Action against Peh and Allstate Insurance seeking to seize commissions purportedly held by Allstate Insurance. On or about April 6, 2017, Reid amended her Creditor's Bill action to include Tri State.

42. In her Creditor's Bill, Reid asserts that "Peh has or may have certain equitable or other interest in the possession of [Allstate Insurance] by way of commissions due to him for the sale of insurance products as an insurance agent for Allstate." (*See* Complaint for Creditor's Bill, attached hereto as Exhibit B, at ¶¶ 4-5.) Reid further asserts that she has "an equitable legal right to an interest in the property or in the proceeds resulting from the commission payments due to Peh." (*Id.*)

43. Accordingly, Reid asserts a claim of right to the commission payments earned or to be earned by Peh through Tri State, as well as a right to the commissions AFS and AHL pay to Peh.

44. Reid also asserts a claim of right to the commissions payments earned or to be earned by Tri-Sate.

**IV.  Eadie, Gregory, and Steinke's Separate Claims of Right to Commission Payments.**

45. On or about May 16, 2013, Peh, on behalf of himself and Tri State, entered into a Commission Assignment Agreement with Eadie. (*See* Eadie Commission Assignment Agreement, attached hereto as Exhibit C). The Agreement assigns Peh's and Tri State's interest in a portion of the monthly commissions Tri State receives from Allstate Insurance to Eadie in order to secure a $34,294.56 loan. (*Id.*)

7

46. Peh also entered into a Termination Payment Assignment Agreement with Eadie. (*See* Eadie Termination Payment Assignment Agreement, attached hereto as <u>Exhibit D</u>). This Termination Payment Assignment Agreement assigns to Eadie Peh's right to any TPP that Peh may receive from Allstate Insurance. The Termination Payment Assignment Agreement also grants Eadie a secured interest in the TPP. (*Id.*)

47. Upon information and belief, the Assignments to Eadie are valid and enforceable, and the loan remains unpaid.

48. Due to the Commission Assignment Agreement between Tri State and Eadie, Eadie has a claim of right to $34,294.56 of future commission payments made by Allstate Insurance to Tri State. Similarly, Eadie has a right to all or a portion of any future TPP received by Peh.

49. On or about May 17, 2013, Peh on behalf of himself and Tri State, entered into a Commission Assignment Agreement with Gregory. (*See* Gregory Commission Assignment Agreement, attached hereto as <u>Exhibit E</u>). The Agreement assigns Peh's and Tri State's interest in a portion of the monthly commissions Tri State receives from Allstate Insurance to Gregory in order to secure a $89,511.36 loan. (*Id.*)

50. Peh also entered into a Termination Payment Assignment Agreement with Gregory. (*See* Gregory Termination Payment Assignment Agreement, attached hereto as <u>Exhibit F</u>). This Termination Payment Assignment Agreement assigns to Gregory Peh's right to any TPP that Peh may receive from Allstate Insurance. The Termination Payment Assignment Agreement also grants Gregory a secured interest in the TPP. (*Id.*)

51. Upon information and belief, the Assignments to Gregory are valid and enforceable, and the loan remains unpaid.

52. Due to the Commission Assignment Agreement between Tri State and Gregory, Gregory has a claim of right to $89,511.36 of future commission payments made by Allstate Insurance to Tri State. Similarly, Gregory has a right to all or a portion of any future TPP received by Peh.

53. On or about September 18, 2015, Peh entered into a Termination Payment Assignment Agreement with Steinke. (*See* Steinke Termination Payment Assignment Agreement, attached hereto as Exhibit G). The Termination Payment Assignment Agreement assigns to Steinke Peh's right to any TPP that may become due from Allstate Insurance as collateral for a $125,000 loan. (*Id.*) Steinke was also granted a secured interest in the TPP.

54. Upon information and belief, the Assignment to Steinke is valid and enforceable, and the loan remains unpaid. Moreover. Steinke has a right to all or a portion of any future TPP received by Peh.

## COUNT I
**(Interpleader Against All Defendants Pursuant to Fed. R. Civ. P. 22)**

55. Plaintiffs Allstate Insurance Company, Allstate Financial Services, LLC, and American Heritage Life Insurance Company incorporate all the previous allegations as if fully set forth herein.

56. Plaintiffs face the prospect of being forced to pay very large sums of money and expend large amounts of time and effort to defend against these six separate claims of right to the commissions earned by Peh and/or Tri State.

57. Allstate Insurance also faces the prospect of being forced to pay very large sums of money and expend large amounts of time and effort to defend against these six claims if TPP to Peh become due.

9

37885549v.1

58. Accordingly, Plaintiffs are stakeholders exposed to multiple liability as the result of adverse claims. Specifically, (1) Reid has filed a separate action against Allstate Insurance seeking payment of any commissions owed to Peh and/or Tri State; (2) each Agreement between Tri State and Gregory, Eadie, and Steinke would likely obligate Allstate Insurance to pay portions of any future commission payments and/or TPP payments to those three individual defendants; and (3) Tri State claims that the commissions Allstate Insurance pays Tri State are the exclusive property of Tri State and not subject to Reid's Collection Action against Peh, Tri State and Allstate Insurance.

59. Plaintiffs are in control of the contested property (i.e., commissions).

60. Plaintiffs claim no title to or interest in commissions earned by Peh or Tri State that are currently owed or to be earned by Peh and/or Tri State.

61. As such, Plaintiffs' only interest in the dispute is ensuring that they do not incur liability to each Defendant out of the same obligation to pay commissions earned by Peh and/or Tri State.

62. Plaintiffs are ready and willing to facilitate payment of the commission to the individual or entity entitled to them, but Plaintiffs are unable to make that determination without exposing themselves to double or multiple liability on account of the competing claims made by each Defendant.

63. Plaintiffs have no means, other than through this Interpleader action, of protecting themselves from multiple conflicting and/or potentially conflicting claims and multiple litigation as to the proper beneficiary of the commissions earned by Peh and/or Tri State.

64. Plaintiffs are mere stakeholders in this action, having and claiming no interest in the commissions earned by Peh and/or Tri State.

65. Consequently, Plaintiffs are ready, willing, and hereby offer to deposit accrued commissions in Plaintiffs' control, and any ongoing commissions, into the Court or with a person or entity duly authorized by the Court to receive the commissions.

WHEREFORE, Allstate Insurance Company, Allstate Financial Services, LLC, and American Heritage Life Insurance Company respectfully request that this Court enter an Order:

    a.    Finding that Plaintiffs are entitled to relief in Interpleader as a stakeholder with respect to the commissions earned by Peh and/or Tri State;

    b.    Permitting Plaintiffs to pay the amount potentially due to Defendants into an account to be maintained by this Court pending the resolution of Defendants' competing claims to the commissions;

    c.    Discharging Plaintiffs from any further liability to any Defendant arising out of the commissions earned by Peh and/or Tri State; and

    d.    Awarding Plaintiffs any other such relief as this Court deems appropriate.

37885549v.1

Dated: April 18, 2017				Respectfully submitted,

					PEREZ & MORRIS LLC

					*/s/Juan Jose Perez*					
					Juan Jose Perez
					Ohio State Bar No. [0030400]
					8000 Ravine's Edge Court
					Columbus, OH 43235
					614-431-1500
					614-431-3885 (fax)]

					SEYFARTH SHAW LLP

					J. Scott Humphrey*
					Illinois State Bar No. 6239169
					Emily Kesler*
					Illinois State Bar No. 6324158
					233 S. Wacker Drive,
					Suite 8000
					Chicago, IL 60606
					Telephone:  (312) 460-5000
					Facsimile:   (312) 460-7000

					*seeking admission pro hac vice*

					*Counsel for Plaintiffs Allstate Insurance Company, Allstate Financial Services, LLC, and American Heritage Life Insurance Company.*

12